UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GENEVA FARMS, LLC,**

        **Plaintiff,**

v.                                                        **Case No. 6:25-cv-841-CEM-RMN**

**R V FARMS, INC. and IGNACIO
VALDIVIEZ, JR.,**

        **Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment ("Motion," Doc. 30), to which no party filed a Response. This cause is also before the Court on the Stipulation for Judgment Against Defendant Ignacio Valdiviez, Jr. (Doc. 28). For the reasons set forth below, the Motion will be granted and judgment will be entered against both Defendants.

### I.   BACKGROUND

Plaintiff and Defendant R V Farms entered into agreements for Plaintiff to provide produce and freight services to R V Farms. (Compl., Doc. 1, at 3). Plaintiff delivered the produce, which R V Farms accepted, but R V Farms did not pay Plaintiff. (*Id.*).

As a result, Plaintiff brought four claims against R V Farms: breach of contract (Count I); failure to pay promptly pursuant to the Perishable Agricultural

Commodities Act ("PACA"), 7 U.S.C. § 499b(4) (Count II); declaratory relief under PACA, 7 U.S.C. § 499e(c) (Count III); and creating a common fund, enforcing payment from PACA trust assets, failing to maintain PACA trust, and permanent injunction under PACA, 7 U.S.C. § 499e(c) (Count IV).[1] Plaintiff now seeks default judgment as to the breach of contract claim and the declaratory judgment claim under PACA. Plaintiff has agreed to dismiss the remaining claims against R V Farms without prejudice.

## II.    LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After obtaining a clerk's default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

---

[1] Plaintiff also brought individual claims against R V Farms' officers, Ignacio Valdiviez, Jr. and Raul Valdiviez for breach of fiduciary duty to PACA trust beneficiaries (Counts V and VI). Plaintiff has since dismissed its claim against Raul, (Stipulation for Dismissal, Doc. 29, at 1), and filed a stipulation for entry of a consent judgment against Ignacio (Doc. 28), which will be entered at the conclusion of this Order.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but there must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In doing so, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider the relief requested in the motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of proving the amount of damages sought. *Wallace v. The Kiwi Grp., Inc.*, No. 6:05-cv-674-Orl-28KRS, 2007 U.S. Dist. LEXIS 104407, at *4 (M.D. Fla. Nov. 19, 2007), *report and recommendation adopted*, 247 F.R.D. 679 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even

in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).

### III.   ANALYSIS

#### A.   Jurisdiction

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff brings federal claims under PACA. Additionally, the breach of contract claim is sufficiently related to the PACA claims such that they "form part of the same case or controversy," and this Court can exercise supplemental jurisdiction over that claim. 28 U.S.C. § 1367(a)

#### B.   Breach of Contract

"Under Florida law, the elements of breach of contract are: '(1) a valid contract; (2) a material breach; and (3) damages.'" *Parker v. Sentry Ins. Co.*, No. 24-12866, 2025 U.S. App. LEXIS 11536, at *4 (11th Cir. May 13, 2025) (quotation omitted). For a contract to be valid, there must be an "offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). There was an offer for Plaintiff to sell

produce to R V Farms for $287,061.80 and to provide freight services for $3,600, which was accepted. (Doc. 1 at 3). Thus, there was a valid contract.

"To establish a material breach, the party alleged to have breached the contract must have failed to perform a duty that goes to the essence of the contract and is of such significance that it relieves the injured party from further performance of its contractual duties." *Burlington & Rockenbach, P.A. v. Law Offices of E. Clay Parker*, 160 So. 3d 955, 960 (Fla. 5th DCA 2015). The essence of the contract at issue here is the delivery of produce and the payment of money. Plaintiff delivered the produce; R V Farms failed to pay the money. (Doc. 1 at 3). Thus, Plaintiff has established a material breach. Plaintiff has also substantiated its damages. (See Robertson Decl., Doc. 30-1, at 3–4; Invoices, Doc. 30-1, at 12–38). Therefore, Plaintiff is entitled to the entry of default judgment on its breach of contract claim.

## C.    PACA Claim

Under PACA, Congress established "a nonsegregated statutory trust under which a produce dealer holds its produce-related assets as a fiduciary until full payment is made to the produce seller. The trust automatically arises in favor of a produce seller upon delivery of produce." *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 156 (11th Cir. 1990) (citing 7 U.S.C.A. § 499e(c)). "PACA trusts thus give sellers of perishable agricultural commodities a right of recovery that is superior to the right of all other creditors, including secured creditors." *Covenant Tomato Sales, Inc. v. Suttles*, No. 2:10-cv-337-FTM-29, 2011 WL 3875386, at *3 (M.D. Fla. Aug.

31, 2011)  (citing 7 U.S.C. § 499e(c)(1)). "In order to become a perfected PACA trust beneficiary" of R V Farms, Plaintiff (1) must "demonstrate that the claim arises from the sale of perishable agricultural commodities," (2) "the produce must have been purchased and accepted by" among other things, a "dealer" as that term is "defined by PACA," and (3) Plaintiff "must have provided [R V Farms] with written notice of its intent to preserve its rights under PACA." *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633-CIV, 2010 WL 1410558, at *6 (S.D. Fla. Mar. 31, 2010).

"[P]erishable agricultural commodities" include "[f]resh fruits and fresh vegetables of every kind and character." 7 U.S.C. § 499a(b)(4)(A). The produce at issue here falls within that definition. (Doc. 1 at 3). Therefore, element one is met.

A "dealer" under PACA is "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(6). "Wholesale or jobbing quantities . . . means aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x). Additionally, even if a person does not otherwise qualify as a dealer, they "may elect to secure a license under" PACA "and in such case and while the license is in effect such person shall be considered as a 'dealer.'" 7 U.S.C. § 499a(6). Both Plaintiff and R V Farms qualify as dealers under PACA. (Doc. 1 at 6 (alleging that both Plaintiff and R V

Farms sold at least 2,000 pounds of produce in a day and that they both hold valid PACA licenses); *id.* at 3 (alleging that the agreement was to sell produce in interstate commerce); *Produce Place v. United States Dep't of Agric.*, 91 F.3d 173, 175 (D.C. Cir. 1996) (finding that strawberries and raspberries that did not actually cross state lines were still sold in interstate commerce under similar circumstances). Thus, element two is met.

Finally, Plaintiff was permitted to fulfill the notice requirement in element three by using "ordinary and usual billing or invoice statements" as long as they include "information in sufficient detail to identify the transaction subject to the trust." 7 U.S.C. § 499e(4). Plaintiff did so here. (Doc. 1 at 3). And R V Farms has not paid the amounts due. (*Id.* at 4). Thus, Plaintiff has stated a claim under PACA.

### D.    Damages

Plaintiff has provided evidence that it was damaged in the amount of $287,061.80 for produce sales and $3,600 for freight services. (Doc. 30-1 at 3, 12–38).

### E.    Prejudgment Interest and Costs

Prejudgment interest is available under PACA, *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 633 (11th Cir. 2004), and for the breach of contract claim, *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007). Plaintiff provided a detailed pre-judgment interest calculation, showing that as of December 12, 2025, the total interest was $39,212.09, plus $68.88 each day thereafter for the

breach of contract claim and $38,721.96 as of December 12, 2025, and $68.03 each day thereafter for the PACA claim.[2] (Falco Decl., Doc. 30-2, at 3, 5–6). Plaintiff has also demonstrated entitlement to costs totaling $541.40 pursuant to Federal Rule of Civil Procedure 54(d). (*Id.* at 3, 11–15).

## IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Default Judgment (Doc. 30) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Plaintiff and against R V Farms, Inc. as to Count I in the amount of $337,923.21,[3] plus post-judgment interest.

3. The Clerk is further directed to enter a declaratory judgment in favor of Plaintiff as to Count III, providing that Plaintiff Geneva Farms, LLC is a valid PACA Trust beneficiary of R V Farms, Inc. for $333,740.43,[4] plus post-judgment interest.

---

[2] The PACA claim applies only to the produce, not the freight.

[3] This amount comprises damages for the produce and freight, pre-judgment interest on those damages, and costs, using the following equation: 290,661.80 [damages] + 39,212.09 [interest as of 12/12/2025] + (109 [days between 12/12/2025 and today] x 68.88 [interest per day]) + 541.40 [costs].

[4] This amount comprises damages for the produce, pre-judgment interest on those damages, and costs, using the following equation: 287,061.80 [damages] + 38,721.96 [interest as of 12/12/2025] + (109 [days between 12/12/2025 and today] x 68.03 [interest per day]) + 541.40 [costs].

4. Pursuant to the Stipulation for Judgment Against Defendant Ignacio Valdiviez, Jr. (Doc. 28), the Clerk is directed to enter judgment in favor of Plaintiff and against Defendant Ignacio Valdiviez, Jr. as to Count V in the amount of $325,875.16, plus post-judgment interest.

5. The remaining Counts are **DIMSISSED without prejudice**.

6. All remaining motions are **DENIED as moot**.

7. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 31, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party